07 CIV 7318

WUERSCH & GERING LLP
Gregory F. Hauser (GH 3902)
100 Wall Street, 21st Fl.
New York, NY 10005
(212) 509-5050
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPITAL TRUST HOLDING AG,

             Plaintiff,

-against-

RAINMAKER INTERNATIONAL, INC.,

             Defendant.

---

Docket No.:



## COMPLAINT

Plaintiff Capital Trust Holding AG, by its undersigned attorneys, for its complaint alleges as follows:

Parties, Jurisdiction and Venue

1. Plaintiff Capital Trust Holding AG (hereinafter "CTH") is a stock corporation formed under the laws of Switzerland with its principal place of business in Switzerland.

2. Defendant Rainmaker International, Inc. (hereinafter "Rainmaker"), is a Georgia corporation with its principal place of business in Savannah, Georgia.

3. This is an action arising under Section 29(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(b), and the Court has jurisdiction of this matter pursuant to

Section 27 of said Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

4. The Court has jurisdiction over Rainmaker pursuant to said Section 27, 15 U.S.C. § 78aa, and N.Y. CPLR 302(a)(1) in that Rainmaker's acts from which this action arises include the transaction of business within this district, more specifically the receipt, holding and sale of the securities at issue for Rainmaker's account by Rainmaker's agent, First Clearing Corporation/ Fordham Financial Services, 14 Wall Street, New York, New York, and the wiring of loan proceeds to an account at the Bank of New York.

5. Venue is proper in this district pursuant to said Section 27 and 28 U.S.C. § 1391(b)(2) in that Rainmaker transacts business in this district and a substantial portion of the events or omissions giving rise to the claim occurred in this district, and/or a substantial part of the property that is the subject of the action is situated in this district.

The Contract at Issue

6. On or about October 11, 2006, Rainmaker and CTH entered into a contract entitled "Non-Recourse Loan Agreement Including Stock Security Delivery and Re-Delivery Agreement", a copy of which is attached hereto as Exhibit A (hereinafter the "Agreement").

7. Pursuant to the Agreement, CTH was to deliver up to forty million shares of Boulder Steel Limited ("BGD.AX"), termed under the Agreement as the Pledged Securities. Boulder Steel is a publicly listed Australian corporation, whose shares are traded on the Australian Stock Exchange and several foreign exchanges.

8. Also pursuant to the Agreement, Rainmaker was to provide a series of non-recourse loans, collateralized by the BGD.AX shares in tranches of 500,000 shares each.

9. CTH delivered twenty-eight million shares of BGD.AX to Rainmaker pursuant to the Agreement, and Rainmaker funded loans collateralized by twenty-four million of these shares.

10. Pursuant to the Agreement:

(a) the loans made are non-recourse, that is, Rainmaker acquired rights in the collateral in return for having no direct recourse against CTH;

(b) Rainmaker has the right at any time after delivery by CTH to sell and to trade the Pledged Securities entirely at its discretion, *i.e.*, complete control for its own account;

(c) "if the value of the securities upon repayment is in excess of 140% of the value of the pledged securities as calculated on day of loan closing per loan contract herein, then the Grantor [Rainmaker] shall be obligated to return to the Grantee [CTH] 140% of the value of the pledged securities in cash or stock", *i.e.*, CTH will not necessarily receive its shares back upon repayment of the loan; and

(d) in the event of default or breach by CTH, CTH loses all "rights, claims or interest in the Pledged Securities", and Rainmaker "may take whole possession and full unrestricted ownership of the Pledged Securities."

11. The Agreement is a transaction in interstate and international commerce and utilized means and instrumentalities thereof.

Rainmaker's Business

12. On its website, www.rainmaker.com, Rainmaker states:

> Rainmaker International, Inc. provides investors access to sophisticated stock loans and stock loan services that were once only exclusively for large institutional and professional investors.
>
> At Rainmaker International, Inc. we provide non-recourse, no margin call stock loans from 40%-90% of your stock position's value. Our resources can quickly accommodate sophisticated stock loans and borrowing power to smaller personal shareholder services.

13. As noted, the Agreement in fact provides for a non-recourse securities loan giving Rainmaker the right to sell or to trade the Pledged Securities at any time after delivery by CTH without restriction and the right upon default to foreclose on any or all of the Pledge Securities, all of these rights without relationship to the extent to which loans have been funded against the securities and remain outstanding or any other value has been provided to CTH.

14. Upon information and belief, Rainmaker regularly solicits and enters into such agreements.

15. Rainmaker thus (a) advertises that it is in the regular business of providing credit directly to retail and international investors as part of larger transactions involving securities, and (b) in the course of these transactions takes complete control over securities delivered to it and regularly buys and sells securities as part of these overall transactions.

16. Because of the extent of the rights given Rainmaker by its loan agreements, it is buying and selling securities for its own account as part of its regular business.

17. Rainmaker is thus a "dealer" within the meaning of Section 3(a)(5) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(c)(a)(5).

18. Rainmaker is not excluded from said definition of dealer as a "trader" because it both buys and sells securities for its own account and is engaged in doing so as part of a regular business, in Rainmaker's case, the business of providing loans to its customers, nor does Rainmaker qualify for any other exemption from said definition of dealer.

19. The loan agreements gives Rainmaker such control over and rights in the securities delivered to it that the loan agreements are *de facto* stock repurchase agreements in which customers sell the stock to a dealer with the possibility of a later repurchase, and the Securities Exchange Commission has taken the position that dealers in such stock repurchase agreements are dealers within said definition.

The Agreement is Unlawful and Voidable

20. Rainmaker has not registered as a dealer with the Securities Exchange Commission pursuant to Section 15(b) of said Act, 15 U.S.C. § 78o(b).

21. As a result, the Agreement is unlawful pursuant to Section 15(a) of said Act, 15 U.S.C. § 78o(a).

22. Consequently, the Agreement is voidable by CTH pursuant to Section 29(b) of said Act, 15 U.S.C. § 78cc(b), and CTH is entitled to the return of the Pledged Securities and all payments made pursuant to the Agreement.

23. CTH has demanded the return of the twenty-eight million shares of Boulder Steel Limited in return for repayment of the outstanding loan amounts but Rainmaker has refused.

WHEREFORE, plaintiff demands judgment:

(a)    declaring the Agreement void and rescinded;

(b)    ordering (1) the immediate return to CTH by Rainmaker of all four million pledged but not collateralized shares of Boulder Steel Limited, or (2) if not possible, in the alternative the market price of said shares as of the date of delivery to Rainmaker;

(c)    ordering, upon tender by CTH of all outstanding principal loan amounts (1) the return to CTH by Rainmaker of all twenty-four million collateralized shares of Boulder Steel Limited, or (2) if not possible, in the alternative the market price of said shares as of the date of delivery to Rainmaker;

(d)    ordering the return to CTH of all interest, fees and other payments made to Rainmaker pursuant to the Agreement; and

(e)    providing such other and further relief as the Court deems just and proper.

Dated: August 16, 2007

WUERSCH & GERING LLP

By _____
Gregory F. Hauser (GH 3902)
100 Wall Street, 21st Floor
New York, NY 10005
(212) 509-5050

*Attorneys for Plaintiff*
*Capital Trust Holding AG*