UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

CAPITAL TRUST HOLDING AG,

        Plaintiff,

    -against-

RAINMAKER INTERNATIONAL, INC.,

        Defendant.
-------------------------------------------------------

Index No. 07 Civ. 7318
Hon. Colleen McMahon
**DECLARATION**

I, Eugenia Valdes, do declare under penalties of perjury:

1. I am the current Managing Director and sole officer of defendant Rainmaker International, Inc. ("Rainmaker"). I am fully familiar with all matters set forth herein. I make this declaration in support of Rainmaker's motion to dismiss the complaint because plaintiff Capital Trust Holding AG ("Capital") has breached its obligation to arbitrate the matters raised in the complaint.

2. Rainmaker is a corporation organized and existing under the laws of the State of Georgia.

3. The Complaint alleges that Capital is a stock corporation formed under the laws of Switzerland. I attach a copy of the Complaint as Exhibit 1.

4. On or about October 11, 2006, Rainmaker and Capital entered into an agreement (the "Agreement") pursuant to which Rainmaker made a series of loans to Capital, which loans were collateralized by freely tradable and unencumbered shares of a publicly traded company, Boulder Steel Limited (the "Shares"). The Agreement provided in Paragraph 3 that, in the event of a default by

1

Capital, then Rainmaker had the right to take "whole possession and full unrestricted ownership of the [Shares]." I attach a copy of the Agreement signed by Capital as Exhibit 2 and a copy of the Agreement signed by Rainmaker as Exhibit 3.[1] The Agreement provides that it may be signed in counterparts.

5. Rainmaker advanced funds in accordance with the Agreement. Capital, however, defaulted with respect to the payment of interest due under the Agreement. Accordingly, Rainmaker is entitled to "whole possession and full unrestricted ownership" of the Shares.

6. Rather than accept the plain terms of the Agreement, Capital has commenced this action, seeking re-delivery of all the Shares. Capital alleges that (i) Rainmaker was required to register as a dealer under the Securities Exchange Act of 1934 (the "Act"); (ii) Rainmaker has not registered under the Act; and (iii) as a consequence, the Agreement is void and Rainmaker is required to return all the Shares, as well as all payments Capital made under the Agreement.

7. Rainmaker contends that it is not a dealer, that it was not required to register as such, and that the Agreement is enforceable in accordance with its terms. This motion, however, does not address the merits of the Complaint. It requests that the Court dismiss the Complaint because, Rainmaker contends, the merits must be determined by an arbitrator.

8. The Agreement provides, in Paragraph 8 (c), as follows.

"....(ii) The Parties hereto irrevocably agree and consent that all disputes concerning this

---

[1] The Complaint states that the Agreement is attached as an Exhibit. The Agreement was not attached to the copy of the Complaint served on Rainmaker, and I am advised by Rainmaker's counsel that it was not attached to the copy available through Pacer. Rainmaker's counsel asked Capital's counsel to furnish the copy of the Agreement referred to in the Complaint. Capital's counsel did so, and that copy is Exhibit 2 to this Declaration.

2

Agreement or any claim or issue of any nature whatsoever arising from or relating to this Agreement or to the corporate steps taken to enter into it (including, without limitation, claims for alleged fraud, breach of fiduciary duty, breach of contract, tort, etc.) which cannot be resolved within reasonable time through discussion between the Parties, shall be resolved solely and exclusively by means of arbitration to be conducted in Savannah, Georgia, which arbitration will proceed in accordance with the rules of the Arbitration (*sic*) then in force in Savannah, Georgia, for resolution of commercial disputes."

"(iii) The Parties agree that the Arbitrators themselves shall have the right to determine and arbitrate the threshold issue of arbitrability itself, that the decision of the Arbitrators shall be final, conclusive and binding upon the Parties."

9. Rainmaker, therefore, moves to dismiss the action, on the ground that Capital is obligated to arbitrate this dispute.

10. I declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if they are willfully false, I am subject to punishment.

*Eugenia Valdés*
Eugenia Valdés

Dated: September 7, 2007