UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAPITAL TRUST HOLDING AG,

Plaintiff,

Index No. 07 Civ. 7318
Hon. Colleen McMahon

-against-

RAINMAKER INTERNATIONAL, INC.,

Defendant.

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

**McLAUGHLIN & STERN, LLP**
**260 MADISON AVENUE**
**NEW YORK, NEW YORK 10016**
Attorneys for: Defendant

**Telephone (212) 448-1100**
**Facsimile (212) 448-0066**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITAL TRUST HOLDING AG,

Plaintiff,

-against-

RAINMAKER INTERNATIONAL, INC.,

Defendant.

Index No. 07 Civ. 7318
Hon. Colleen McMahon

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

This memorandum is submitted in support of the motion of defendant Rainmaker International, Inc. ("Rainmaker") for an order, pursuant to FRCP 12 (b) (6), dismissing the complaint of plaintiff Capital Trust Holding AG ("Capital"). The motion should be granted because Capital has breached its obligation to arbitrate the matters raised in the complaint.

**Facts**

Rainmaker is a corporation organized and existing under the laws of the State of Georgia.[1]

The complaint alleges that Capital is a stock corporation formed under the laws of Switzerland.

On or about October 11, 2006, Rainmaker and Capital entered into an agreement (the "Agreement") pursuant to which Rainmaker made a series of loans to Capital, which loans were

[1]The facts are set forth in the accompanying declaration of Eugenia Valdes.

collateralized by freely tradable and unencumbered shares of a publicly traded company, Boulder Steel Limited (the "Shares"). The Agreement provided that, in the event of a default by Capital, then Rainmaker had the right to take "whole possession and full unrestricted ownership of the [Shares].[2]

Rainmaker advanced funds in accordance with the Agreement. Capital, however, defaulted with respect to the payment of interest due under the Agreement. Accordingly, Rainmaker is entitled to "whole possession and full unrestricted ownership" of the Shares.

Rather than accept the plain terms of the Agreement, Capital has commenced this action, seeking re-delivery of all the Shares. Capital alleges that (i) Rainmaker was required to register as a dealer under the Securities Exchange Act of 1934 (the "Act"); (ii) Rainmaker has not registered under the Act; and (iii) as a consequence, the Agreement is void and Rainmaker is required to return all the Shares, as well as all payments Capital made under the Agreement.

Rainmaker contends that it is not a dealer, that it was not required to register as such, and that the Agreement is enforceable in accordance with its terms. This motion, however, does not address the merits of the complaint because, as shown below, the merits must be determined by an arbitrator.

The Agreement provides, in Paragraph 8 (c), as follows.

> "....(ii) The Parties hereto irrevocably agree and consent that all disputes concerning this Agreement or any claim or issue of any nature whatsoever arising from or relating to this Agreement or to the corporate steps taken to enter into it (including, without limitation, claims for alleged fraud, breach of fiduciary duty, breach of contract, tort, etc.) which cannot be

---

[2]The Complaint states that the Agreement is attached as an Exhibit. The Agreement was not attached to the copy of the Complaint served on defendant, nor was it attached to the copy available through Pacer. Defense counsel asked plaintiff's counsel to furnish the copy of the Agreement referred to in the Complaint. Plaintiff's counsel did so, and that copy is attached as Exhibit 2 to the declaration of Eugenia Valdes, submitted in support of the motion. A copy of the Agreement signed by Rainmaker is attached as Exhibit 3 to that declaration.

resolved within reasonable time through discussion between the Parties, shall be resolved solely and exclusively by means of arbitration to be conducted in Savannah, Georgia, which arbitration will proceed in accordance with the rules of the Arbitration (sic) then in force in Savannah, Georgia, for resolution of commercial disputes."

"(iii) The Parties agree that the Arbitrators themselves shall have the right to determine and arbitrate the threshold issue of arbitrability itself, that the decision of the Arbitrators shall be final, conclusive and binding upon the Parties."

Rainmaker, therefore, moves to dismiss the action, on the ground that Capital is obligated to arbitrate this dispute.

**Argument**

**The Complaint Should Be Dismissed Because Plaintiff Has Failed to Arbitrate**

The Agreement provides for arbitration of all disputes "concerning this Agreement," including the "threshold issue of arbitrability." Yet Capital has chosen to institute this action, rather than complying with its obligation to arbitrate. The action should be dismissed for that failure to arbitrate.

The Supreme Court of the United States made this clear in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443, 126 S.Ct. 1204, 1207-1208 (2006):

"To overcome judicial resistance to arbitration, Congress enacted the Federal Arbitration Act (FAA) 9 U.S.C. §§1-16. Sec. 2 embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts:

'A written provision in ...a contract...to settle by arbitration a controversy thereafter arising out of such contract ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract ... shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract.'"

If Capital argues that it is not required to arbitrate its contention that the Agreement was illegal from its inception by reason of Rainmaker's failure to register as a dealer, that argument should be

rejected. Buckeye Check Cashing, Inc. v. Cardegna, *supra*, held that the question of the legality of the underlying agreement is to be submitted to the arbitrator, and not to the court.

The plaintiff in Buckeye alleged, as Capital does here, that the underlying contract was illegal and therefore void from its inception. The plaintiff in Buckeye further argued that the issue of the contract's alleged illegality was for the court and not the arbitrator. The Florida Supreme Court agreed with the Buckeye plaintiff but the Supreme Court reversed.

The Supreme Court noted that the Buckeye plaintiffs did not specifically claim that the arbitration provision itself had been induced by fraud; rather the plaintiffs challenged the validity of the contract as a whole, on the ground of alleged usury and violation of consumer protection laws. The Court framed the issue as follows:

> "The crux of the complaint is that the contract as a whole (including its arbitration provison) is rendered invalid by the usurious finance charge." 546 U.S. at 444, 126 S.Ct. at 1208.

The Supreme Court rejected that contention and held a challenge to the validity of a contract as a whole, and not specifically to the arbitration clause within it, must go to the arbitrator:

> "First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."....We conclude that because respondents challenge the Agreement, but not specifically the arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court. " 546 U.S. at 445-446, 126 S.Ct. at 1209 (emphasis added)....

> "We reaffirm today that, regardless of whether the challenge is brought in a federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." 546 U.S. at 448, 126 S.Ct. at 1210.

See, also, Rubin v. Sona International Corp., 457 F.Supp.2d 191 (S.D.N.Y. 2006). The Rubin plaintiff sought rescission of a franchise agreement on the alleged ground of illegality, for failure to register in accordance with the New York Franchise Sales Act. The franchise agreement contained an arbitration clause, and the defendant contended that the case had to go to arbitration. The plaintiff countered with the argument that the entire agreement was void *ab initio* for failure to register, and the arbitration clause should not be enforced. The court, citing Buckeye, held that the dispute had to be arbitrated, and that the plaintiff's "argument that arbitration should not be compelled because the contract as a whole is void must be rejected." 457 F.Supp.2d at 196.

The result here should be the same. The complaint does not make a specific attack on the arbitration provision in the Agreement. Rather, the complaint alleges that the Agreement, as a whole, is unlawful and voidable by reason of Rainmaker's alleged failure to comply with its alleged obligation to register as a dealer. The issues presented here, i.e., whether Rainmaker was obliged to register as a dealer, and whether its failure to do so renders the Agreement unlawful and voidable, both are issues for the arbitrator.

Where, as here, all the issues raised in the complaint must be submitted to arbitration, the proper remedy is dismissal of the action. Rubin v. Sona International Corp., 457 F.Supp.2d 191, 198, *supra*; Spencer-Franklin v. Citigroup/Citibank, 2007 WL 521295 (S.D.N.Y. 2007). The complaint, therefore, should be dismissed, for Capital's failure to comply with its obligation to arbitrate.

**Conclusion**

For all the foregoing reasons, defendant Rainmaker respectfully requests that the motion to dismiss the complaint be granted.

New York, New York
September 11, 2007

Respectfully submitted,
McLaughlin & Stern, LLP
By ____________________
Jon Paul Robbins (#8517)
Attorneys for Defendant
260 Madison Avenue
New York, New York 10016
212-448-1100