UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CAPITAL TRUST HOLDING AG,

        Plaintiff,

                                                  Index No. 07 Civ. 7318
                                                  Hon. Colleen McMahon

    -against-

RAINMAKER INTERNATIONAL, INC.,


        Defendant.
-------------------------------------------------------------


**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT**

This reply memorandum is submitted in further support of the motion of defendant Rainmaker International, Inc. ("Rainmaker") for an order, pursuant to FRCP 12 (b) (6), dismissing the complaint of plaintiff Capital Trust Holding AG ("Capital"). As we showed in our initial papers, the Court should grant the motion to dismiss because Capital has breached its obligation to arbitrate the matters raised in the complaint. Capital presents no meaningful opposition, and the motion should be granted.

To briefly reiterate, the Agreement between the parties provides, in Paragraph 8 (c), as follows.

"....(ii) The Parties hereto irrevocably agree and consent that all disputes concerning this Agreement or any claim or issue of any nature whatsoever arising from or relating to this Agreement or to the corporate steps taken to enter into it (including, without limitation, claims for alleged fraud, breach of fiduciary duty, breach of contract, tort, etc.) which cannot be resolved within reasonable time through discussion between the Parties, shall be resolved solely and exclusively by means of arbitration to be conducted in Savannah, Georgia, which arbitration will proceed in accordance with the rules of the Arbitration (*sic*) then in force in Savannah, Georgia, for resolution of commercial disputes."

"(iii) The Parties agree that the Arbitrators themselves shall have the right to determine and arbitrate the threshold issue of arbitrability itself, that the decision of the Arbitrators shall be final, conclusive and binding upon the Parties."

Capital does not contend that parties did not agree to arbitrate the dispute in Savannah, Georgia. Capital argues that because the Agreement provides that the arbitration is to be conducted in accordance with the rules of the "Arbitration" (*sic*) in force in Savannah "for resolution of commercial disputes," it does not sufficiently designate the arbitration tribunal. According to Capital, it follows that the arbitration agreement is unenforceable for lack of specificity. Capital is attempting to seize on an obvious typographical error as an excuse for avoiding its obligation to arbitrate this dispute.

The Agreement specifically provides that the parties agreed that "all disputes" are to "be resolved solely and exclusively by means of arbitration to be conducted in Savannah, Georgia." It also is clear that the parties agreed that the arbitration is to be conducted in accordance with the American Arbitration Association's rules governing commercial disputes. Although the draftsmen of the Agreement left out the words "American" and "Association," that typo is has no legal significance.

In Marcial Ucin, S.A. v. Amalgamet, Inc., 1986 WL 7537 (S.D.N.Y. 1986), the arbitration agreement provided that

"Any controversy arising out of this contract shall be settled by arbitration in the city of New York in accordance with the rules of the American Arbitration Association <u>as Seller shall designate</u>.... (emphasis added).

The Purchaser opposed arbitration. It argued that the above language did not give the Purchaser the right to demand arbitration, but rather left the decision in the complete control of the Seller. The Purchaser contended that the lack of mutuality required a finding that the arbitration agreement was unenforceable. The court rejected this contention. It held that the phrase "as Seller shall designate"

2

was a typographical error in the arbitration clause, and also that the parties clearly meant to have mutual obligations to arbitrate. The court, therefore, compelled arbitration.

Marcial Ucin is in accord with the general rule of law that a contract will not be declared unenforceable because of a typographical error. See, e.g., Dataserve, Ltd. v. Management Technologies, Inc., 1993 WL 138852 (S.D.N.Y. 1993) (minor typographical error will not void contractual obligations). The law in Georgia is the same. See, e.g., Golden v. Frazer, 244 Ga. 685, 261 S.E.2d 703 (Ga. Sup. Ct. 1979) (although typographical error existed, the other description of property was sufficient to make identification practicable); Price v. Age, Ltd., 194 Ga. App. 141, 390 S.E.2d 242 (Ga. Ct. App. 1990) (typographical error does not vitiate parties' obligations under contract).

These authorities control. We note also that in construing a contract, one of court's goals is to avoid an interpretation that would leave contractual clauses meaningless. Two Guys from Harrison - N.Y., Inc. v. S.F.R. Realty Associates, 63 N.Y.2d 396, 472 N.E.2d 315, 482 N.Y.S.2d 465 (1984). Certainly, a contract should be construed so as to give force and effect to all its provisions. Trump-Equitable Fifth Avenue Co. v. H.R.H. Construction Corp., 106 A.D.2d 242, 485 N.Y.S.2d 65 (1st Dep't), aff'd, 66 N.Y.2d 779, 488 N.E.2d 115, 497 N.Y.S.2d 369 (1985). If Capital were to prevail on its contention that the arbitration clause is unenforceable for lack of specificity, an important provision of the contract would be rendered meaningless. This should not be the result.

Even if Capital were right in its contention that the Agreement failed to designate the tribunal (and it is not), its argument that the arbitration clause is unenforceable still should be rejected. The Federal Arbitration Act anticipates the possibility that contracting parties will agree to arbitrate, but fail

to designate the arbitrator. When that occurs, the Court will enforce the obligation to arbitrate, and designate the arbitrator itself. See 9 U.S.C. §5:

> "If in the agreement provision be made for a method of naming or appointing the arbitrator or arbitrators or umpire, such method shall be followed; <u>but if no method be provided therein,</u> or if a method be provided and any party shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of the arbitrator or arbitrators or umpire, or in filling a vacancy, <u>then upon application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require,</u> who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator."

Capital has not submitted an affidavit stating that it did not agree to arbitrate the dispute in Savannah, Georgia. It argues only that the arbitration clause is defective for the alleged failure to designate the arbitration tribunal. As shown above, we disagree, but even if the Court finds for Capital on this issue, Capital still must arbitrate the dispute. This is because Rainmaker would in that event request, in accordance with the above quoted provision of the Federal Arbitration Act, that the Court designate an arbitrator in Savannah. Capital's claim that it is not required to arbitrate should be rejected, and the Court should dismiss the complaint.

## Conclusion

For all the foregoing reasons, defendant Rainmaker respectfully requests that the motion to dismiss the complaint be granted.

New York, New York
October 1, 2007

                                                Respectfully submitted,
                                                McLaughlin & Stern, LLP
                                                By _____
                                                    Jon Paul Robbins (#8517)
                                                Attorneys for Defendant
                                                260 Madison Avenue
                                                New York, New York 10016
                                                212-448-1100